# In The United States Court of Federal Claims

No. 12-214C

(Filed: June 18, 2012)

---

SUPERIOR ELECTRIC HOLDING GROUP, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

WARD LEONARD ELECTRIC COMPANY, INC.,

Defendant-Intervenor.

---

**ORDER**

---

On June 6, 2012, defendant-intervenor filed a motion to supplement the administrative record in this case with four affidavits from its employees (with attachments) and a letter from its counsel. On June 14, 2012, plaintiff and defendant each filed oppositions to the defendant-intervenor's motion.

The Federal Circuit, in *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009), noted that the "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Axiom*, 564 F.3d at 1381 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)); *see also Electronic Data Sys., LLC v. United States*, 93 Fed. Cl. 416, 429 n.11 (2010) . Failure to do this, the court observed, risked converting arbitrary and capricious review into a subtle form of *de novo* review. *Id*. at 1379-80; *see also CRAssociates, Inc. v. United States*, 102 Fed. Cl. 798, 710 (2011).

The materials that defendant-intervenor seeks to include in the record, via supplementation, do not meet the exacting standard set forth in *Axiom*. The affidavits, as well as the letter from its counsel, speak to events that purportedly occurred *after* the Navy awarded the contract at issue – and, indeed, do so indirectly, primarily via hearsay. And the photos of defendant-intervenor's products were not before the agency when it evaluated the technical capabilities of those products. Omission

of these items will not preclude effective judicial review of the issues presented in this case. *Id.* Accordingly, defendant-intervenor's motion to supplement is hereby **DENIED**.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge