# In The United States Court of Federal Claims

No. 12-214C

(Filed:  August 15, 2012)
_____

SUPERIOR ELECTRIC HOLDING GROUP,
LLC,

                Plaintiff,

                v.

THE UNITED STATES,

                Defendant,

                and

WARD LEONARD ELECTRIC
COMPANY, INC.,

                Defendant-Intervenor.
_____

**ORDER**
_____

      In September 2011, plaintiff, Superior Electric Holding Group, LLC, was awarded an indefinite-delivery, indefinite-quantity supply contract by the U.S. Navy.  In response to a protest at the General Accountability Office by the incumbent contractor, the Navy announced that it would conduct discussions with both offerors before accepting revised proposals.  After those discussions, on March 15, 2012, the Navy issued a letter to both offerors, stating that "[t]he Agency has determined that the procurement is irreparably flawed and has resulted in a flawed contract award " and providing "official notice" that the Navy "is canceling both [the] Solicitation . . . and its resultant contract . . . to Superior Electric."  On April 2, 2012, plaintiff filed its complaint protesting this corrective action.  Subsequent briefing revealed a debate among the parties as to whether the March 15th letter represented a final agency decision.  On August 10, 2012, the Navy sent letters to both offerors (now plaintiff and defendant-intervenor) rescinding the March 15th letter.  This letter clarified that the Navy has not cancelled the solicitation or the resultant contract and indicated that "[n]o final decision has been made at this time" regarding the contested procurement.   The letter indicated that due to the pendency of this protest, a stop work order remains in effect on plaintiff's contract.

The Federal Circuit has repeatedly affirmed that this court may resolve only "cases or controversies." *See Anderson v. United States,* 344 F.3d 1343, 1349-50 (Fed. Cir. 2003); *Glass v. United States,* 258 F.3d 1349, 1355-56 (Fed. Cir. 2001); *see also Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 136 (2004). Under the case or controversy requirement, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S 244, 246 (1971)); *see also Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1341 (Fed. Cir. 2008). Should such a situation arise, even after the filing of a lawsuit, the court's only recourse is to dismiss the complaint. *See id.* at 1340 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). Numerous cases make clear that these "case or controversy" principles apply fully to bid protest actions brought under 28 U.S.C. § 1491(b)(1). *See Gibraltar Indus., Inc. v. United States*, 726 F.2d 747, 748-49 (1984); *see also Glenn Defense Marine (Asia), PTE v. United States*, 469 Fed. Appx. 865, 867 (Fed. Cir. 2012) (dismissing bid protest for lack of case or controversy); *Totolo/King Jt. Venture v. United States*, 431 Fed. Appx. 895, 897 (Fed. Cir. 2011) (same); *GTA Containers, Inc. v. United States*, 103 Fed. Cl. 471, 480-81 (2012).

In the court's view, the letter sent by the Navy in March likely was a final decision that gave rise to a justiciable dispute under this court's bid protest statute, 28 U.S.C. § 1491(b)(1). But, insofar as the court can tell, that decision was never effectuated – indeed, from the outset of this litigation, defendant has taken the position that the March letter was not a final decision. The letters sent by the Navy this past week have, at any rate, mooted the pending dispute by "clarifying" that neither the solicitation nor the contract award to plaintiff has been cancelled. Those same letters make clear that no decision has been made to cancel either the solicitation or the award. Accordingly, any challenge to the Navy's past decision is moot and any challenge to its future decision is premature. To review the Navy's past proposed corrective action, or to speculate as to its future action, would be overstepping this court's jurisdictional authority. *See, e.g., Chapman Law Firm Co. v. Greenleaf Const. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007) (dismissing case for lack of jurisdiction where challenged corrective action was modified during pendency of bid protest); *Eskridge Research Co. v. United States*, 92 Fed. Cl. 88, 94 (2010); *see also Madison Servs., Inc. v. United States*, 90 Fed. Cl. 673, 679 (2009) ("Plaintiff cannot avoid dismissal by speculating as to what [the agency] might do.").

Accordingly, defendant's motion to dismiss for lack of jurisdiction is **GRANTED** and plaintiff's complaint is hereby **DISMISSED**, without prejudice.[1]

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[1] Should the Navy subsequently cancel the award to plaintiff and should plaintiff subsequently file a bid protest action in this court regarding such cancellation, the Clerk shall assign the case to the undersigned and waive the filing fee.